**HOLSCHUH, Plaintiff-Appellee, v. ROBINSON, et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Monroe County.

No. 316. Decided May 25, 1945.

Matz & Matz, Woodsfield, for·plaintiff-appellee.
Moore & Moore, Woodsfield, for defendants-appellants.

## OPINION

By PHILLIPS, J.

Plaintiff sued defendants in the court of common pleas for foreclosure of a mortgage on a three story brick building situated in Woodsfield, Monroe County, Ohio.

On May 14, 1943, the trial judge granted leave to The Woodsfield Building and Loan Company, a corporation, and to C. I. Howell, an individual, to become parties defendant to such action, and on May 14, 1943, and May 18, 1943, respectively they filed their answers and cross-petitions therein. Neither of those parties alleged that they held any liens on the real estate sought to be foreclosed. They only alleged that they held claims against the estate of the deceased owner of such real estate which had been allowed by the administrator of the deceased owner thereof, who died testate a resident of Ohio County, West Virginia.

On December 19, 1944, Mary E. Ketterer filed a motion to be made a party defendant in such action and for leave to file her answer and cross-petition therein.

By journal entry filed December 26, 1944, the trial judge refused "leave to Mary E. Ketterer to become a party defendant in this action and file an answer and cross-petition."

On the same date the trial judge ordered distribution of the proceeds of the sale of such parcel of real estate, which sale he had ordered made prior thereto, and therein ordered partial payment of the claims of The Woodsfield Building and Loan Company and C. I. Howell and others which disposed of the entire proceds of the sale thereof.

Plaintiff appealed to this court on questions of law "from the judgment and decree of said court (of common pleas) in the above entitled action, wherein, on the twenty-sixth of December, 1944, the court entered judgment against said appellant and in favor of the other defendants in the above entitled action and herein designated as appellees."

As a result of a careful perusal of all of the papers submitted to us in this case, which we have the right to review, it is clear to us that the trial judge discriminated against Mary E. Ketterer in favor of The Woodsfield. Building and Loan Company and C. I. Howell, all of whom stood in the same relationship to the property sold under this foreclosure action, to the extent that such discrimination amounted to an abuse of discretion.

Accordingly the judgment of the trial court from which Mary E. Ketterer appeals must be reversed and the case must be and hereby is remanded to the court of common pleas with instructions to sustain the motion of Mary E. Ketterer to be made a party defendant and to allow her to file her answer and cross-petition herein, and for further proceedings in accordance with law.

Judgment reversed and cause remanded.

NICHOLS, P. J., and CARTER, J., concur in judgment.